## DAVID JOHNSON v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—47.]

### Rape of Infant Nine Years of Age.

A child nine years of age can not be presumed to know or have any conception of a rape being perpetrated upon her and can not be deemed to have consented to such act and one charged with rape in such a case can not be allowed to escape punishment because there is but slight evidence that such a child did not consent to the act.

### Evidence of Declarations of One Accused of Rape, Made Just Before the Act.

Vulgar expressions made by one in regard to sexual intercourse just before perpetrating a rape are admissible in evidence against him, to show the depraved character of the accused and the probability that he would be guilty of such an infamous offense.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

June 13, 1885.

OPINION BY JUDGE LEWIS:

Appellant was indicted, convicted and sentenced to the penitentiary for life upon the charge of committing rape on an infant under twelve years of age.

The penalty for such an offense is death or confinement in the penitentiary for life, within the discretion of the jury. The statute provides that "Whosoever shall carnally know a female under the age of twelve, or an idiot, shall be confined in the penitentiary for not less than ten or more than twenty years."

The record shows that appellant had carnal knowledge of a female under twelve years of age, of the age, in fact, of nine years only.

In conformity to the statute the court properly instructed the jury.

One complaint of counsel for appellant is that the verdict and sentence are erroneous, because there is no evidence to show that the intercourse was had with the child without her consent. The evidence fails to show any active resistance on the part of the child, but in the case of one of such tender years, the jury were authorized to find that there was no consent because it can not be presumed that the child knew or had any conception of the character of the offense being perpetrated. Besides, there was affirmative evidence from which the jury might have found the absence of consent in even one much older than the child on whom the injury was inflicted.

The only other objection urged by counsel for appellant is that the court erred in admitting certain testimony. The evidence is that of a witness who was with the accused a few minutes before the perpetration of the crime, and who testified to certain vulgar expressions, in regard to sexual intercourse, used by the accused.

The evidence was clearly competent to show the depraved character of the accused, and the probability that he would be guilty of such an infamous and beastly offense. There is nothing in the evidence to mitigate or extenuate the crime as charged in the indictment.

Judgment *affirmed.*

*Kinney & Kinney, S. H. Mitchell, for appellant.*

*P. W. Hardin, for appellee.*