## Ruark v. Commonwealth.

(Decided October 17, 1912.)

### Appeal from Hart Circuit Court.

1.  Indictment—Attempting to Obstruct Justice—Persuading Witness to Make False Statement.—An indictment charging that the defendant corruptly and wilfully attempted to persuade a witness to make a fraudulent and false statement, which he would not otherwise have made, states facts constituting the common law loffense of attempting to obstruct justice.

2.  Witnesses—Bad Character for Veracity—Evidence of.—It is not necessary that the court admonish the jury that evidence of defendant's bad character for veracity is only to be considered by them to impeach his testimony as a witness.

S. M. PAYTON for appellant.

JAMES GARNETT, Attorney General, CHAS. H. MORRIS, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

James Ruark was indicted in the Hart Circuit Court for wilfully and corruptly obstructing public justice. On the trial of the case he was found guilty as charged and his punishment fixed at a fine of two hundred and fifty ($250.00) dollars and ten days confinement in jail. He appeals.

The facts of the case as shown by the evidence for the Commonwealth which were evidently believed by the jury, are in substance these:

A warrant had been issued against Lydia Guinn charging her with selling whiskey in Hart county, to Basil Sparks, in violation of the local option law. The case was pending before the county judge and was coming on to be tried. Ruark was on the bail bond of Lydia Guinn, who was a tall, slim woman. Ruark went to Sparks who was a witness and attempted to procure him to state as a witness on the trial of the prosecution that the woman he purchased the whiskey from was a low, heavy-set woman of dark complexion. Sparks refused to testify as requested by Ruark. Lydia Guinn was convicted and after this the indictment against Ruark was returned by the grand jury. The first objection made on the appeal is that the indictment is insufficient and that the defendant's demurrer to it should have been sustained. The indictment is in these words:

"The grand jury of Hart County, in the name and by the authority of the Commonwealth of Kentucky, accuse James Ruark of the offense of obstructing public justice which was committed as follows, to-wit:

"Heretofore, to-wit: on the —— day of September, 1911, and within twelve months before the finding of this indictment herein and in the county and Commonwealth aforesaid the said Jim Ruark did then and there unlawfully, wilfully and corruptly obstruct public justice by soliciting, persuading and attempting to procure and influence Basil Sparks to make false and fraudulent statements as a witness in the prosecution of the Commonwealth of Kentucky against Lydia Guinn. The said Lydia Guinn being then the defendant on a warrant on the charge of unlawfully selling whiskey to Basil Sparks in Hart County, Hart County being in local option territory, which prosecution against said Lydia Guinn was then pending to be tried before S. B. Crump, the duly elected and qualified county judge of Hart County, said Crump having jurisdiction to try said offense and swear witnesses to testify in said prosecution. The said Ruark, in order to shield said Lydia Guinn, and prevent justice being executed, did solicit, persuade and attempt to procure the said Basil Sparks to state, when sworn as a witness in said prosecution, that the woman he purchased whiskey from was a low, heavy-set, dark complected woman when in fact the said Lydia Guinn was a tall, slim woman. All of said acts were done by said Ruark for the purpose of obstructing justice." * * * * *

The offense charged is not an attempt at subordination of perjury and therefore it was not necessary that the indictment show that Ruark knew that the statement which he attempted to procure Sparks to make was untrue. The indictment sufficiently shows that Sparks was a witness and that Ruark knew this for the charge is that he attempted to procure Sparks to make a statement when sworn as a witness in the presecution referred to. The gist of the offense is the obstruction of public justice. If Ruark wilfully and corruptly undertook to procure Sparks to make a false and fraudulent statement which he knew would obstruct public justice by preventing the conviction of Lydia Guinn and he did this, not in an effort to bring out the truth but to shield Lydia Guinn and prevent justice being executed, it cannot be doubted that a common law offense was committed. Commonwealth v. Berry, 141 Ky., 477. The intent with which the act was done is the essence of the offense. If Ruark acted innocently—if he did not corruptly intend to prevent justice being executed and was not attempting to thwart the execution of justice by a false and fraudulent statement—he was not guilty under the indictment but if this was his purpose the common law offense of attempting to obstruct justice was committed; for it cannot be tolerated that persons intending to shield another and to obstruct the execution of justice shall for this purpose corruptly and falsely put testimony in the mouth of a witness which he would not otherwise give. The indictment fully informed the defendant of the very thing that he was charged with. A person of ordinary understanding could not have been misled. It was the purpose of the Code of practice to simplify indictments and the formal strictness which was required at common law is not required under the Code, especially in indictments for minor offenses.

We, therefore, conclude that the indictment is sufficient and that the circuit court did not err in overruling defendant's demurrer to it.

We cannot say that the verdict is against the evidence. The jury were the judges of the credibility of the witnesses. When the defendant had testified in his own behalf as a witness the Commonwealth was properly permitted to show that his reputation for truthfulness was bad and it was not the duty of the court to admonish the jury that the evidence was only competent to dis-

credit him as a witness. The jury could not have con-
cluded that it was introduced for any other purpose.
(Holly v. Commonwealth, 18 R., 441.)

Judgment affirmed.