## Bill Boyd, Bob Chandler, Herbert Rush and Neal Atwood v. Commonwealth.

(Decided March 18, 1927.)

### Appeal from Allen Circuit Court.

1. Rape.—Evidence of prosecutrix in trial for rape, and aiding and abetting in rape, held sufficient to take case to jury on question of guilt.

2. Rape.—Where there was sufficient evidence presented in a trial for rape, and aiding and abetting in rape, to sustain a conviction, under Ky. Stats., section 1158, for taking and detaining a woman against her will, such instruction held proper.

3. Criminal Law.—Where defendants, on trial for rape, objected to the admission of evidence to show their immoral reputation, the court's attention was sufficiently directed to the admission of such evidence so that failure to admonish jury that it was not admitted to show guilt, but only credibility of defendants as witnesses, was prejudicial error.

4. Criminal Law.—Instruction that jury should consider evidence of acts of lewdness, committed by the prosecutrix in a rape trial, only as it affected her credibility as a witness was prejudicial error.

5. Rape.—In prosecution for rape, evidence of specific acts of lewdness on the part of the prosecutrix is admissible on the issue of consent.

W. D. GILLIAM, ROBERT S. OLIVER and FRANK R. GOAD for appellants.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

The four appellants, together with Less Marsh and Hugh Heath, were jointly indicted charged with rape, and aiding and abetting in rape, committed on the person of Lillie Cox, a female over sixteen years of age.

Each of the defendants in separate counts was charged with rape, and the other five charged with aiding and abetting him therein.

The four appellants and their codefendant Marsh were tried jointly, and while not found guilty of rape, were each found guilty of detaining a woman under section 1158, Ky. Stats., and sentenced to two years' imprisonment, and from that judgment the four appellants prosecute this appeal.

The evidence of the prosecuting witness as to the principal events involved stands alone, although in some less material things it is here and there corroborated. Her evidence, in substance, is that on Sunday, after having stayed all night at Scottsville at a named hotel, she started to walk to her home some miles in the country, and that on the road she was overtaken and picked up by Boyd, Rush and Chandler, who were driving a motor

car; that they forced her to get into the car, but agreed they would take her to a certain home where she was going. That, when they reached a cross-roads, instead of turning to go to the home where they had agreed to take her, they declined to let her out of the car and went in another direction, and that when they reached a more or less secluded place they stopped the car and forced her to get out, and two of them taking hold of her arms on either side took her up a hollow some distance from the road, and to a place where there was some fallen timber and tree tops, where they met the three other defendants, Atwood, Marsh and Heath. That they forced her to lie down and that Boyd had intercourse with her while Chandler and Rush held her, one having hold of each of her feet. That next Rush had intercourse with her and Atwood took his place in the holding, and then Heath while Rush and Chandler again held her, and that lastly Atwood had intercourse with her while Chandler and Rush continued to hold her; but states that neither Chandler nor Marsh had intercourse with her at that time. She then states that after they took her back to the road near the car some of the others left and Marsh took her up the road some little distance and undertook to force her to submit.

On her cross-examination she admits previous illicit relations, within a few months before that time, with two other men, and admits the writing of some very suggestive letters to the appellant Rush.

The evidence of the defendants as to the immediate transaction involved is in substance that all six of them were riding in a car when they overtook the girl and stopped after they had passed her; that Rush who had been an intimate of hers got out of the car and invited her to ride as she was going in that direction, and that she got in the car and went to the cross-roads. That at the cross-roads it was suggested that she should get out and go to the house where she was going as they were going to turn off on another road, but that she said if Rush was going with them the other way she would go too, and that they proceeded down that road to a point near a sawmill, where Chandler and Boyd had some lumber or timber deal up as between themselves, and that when the car was stopped those two went up to the mill out of sight and were gone about three-quarters of an hour or longer, and left the other four with the girl at the car. That

one at a time, beginning with Rush, the prosecuting witness accompanied Rush, Heath and Atwood up the hollow into the woods, and that they each separately and upon separate occasions, when no one else was present, had intercourse with her by and with her consent. That neither Boyd nor Chandler was present when she went with either of the ones named, and that Marsh never went off with her.

The evidence of the prosecuting witness is contradicted in several other more or less material respects by witnesses other than defendants about occurrences leading up to the thing we have been dealing with. For instance, the keeper of the hotel where she claims to have stayed the night before at Scottsville testifies she did not stay there that night, and there is other evidence tending to convincingly show that she stayed out on a road in the country all of that night with two of the defendants. Another significant thing is that she never complained of the horrible occurrence which she detailed in her evidence for ten days or two weeks after it happened, and that then she did so only when called as a witness before a court of inquiry held by the county judge.

There are many more details in the evidence which might be even further enlightening but which we will not discuss.

We find the instructions of the court free from error; and notwithstanding the somewhat weird and improbable story told by the prosecuting witness we are unable to say that it was not sufficient to submit to the jury the question of guilt. Nor are we willing to say, in the light of the prosecuting witness' evidence, that she was forced to go into the car, that she was denied the right to get out of the car at the cross-roads, that she was forced to get out of the car near the mill, and was forced to go up the hollow, and was led up there by two of defendants, that there was not sufficient evidence to authorize the giving of the instruction for detaining under the provisions of section 1158, Ky. Stats. Meade v. Com., 214 Ky. 88.

But we do find the court erred to the prejudice of appellants on the trial in two respects. In rebuttal the commonwealth was permitted, over the objection of defendants, to prove their reputation for morality as bad, and, notwithstanding the objection, the court failed to admonish the jury that such evidence was admitted,

not for the purpose of showing their guilt or innocence, but only for the purpose of affecting their credibility as witnesses, if it did. The objection to the admission of such evidence sufficiently directed the court's attention to it to make it incumbent that such an admonition should be given. Roop v. Com., 201 Ky. 828.

Likewise, when the prosecuting witness was under cross-examination and admitted her illicit relations with other men, and when other evidence was offered tending to show specific acts of lewdness and misconduct upon her part, the court in each instance, of its own motion, directed the jury that they might consider such evidence as to her conduct only in so far as it affected her credibility as a witness.

In such prosecutions, on the issue whether or not the prosecutrix had consented to the intercourse or detention, evidence of specific acts of lewdness with other men is competent as substantive evidence bearing upon the main issue of consent or no consent. Valentine v. Com., 215 Ky. 436; Thomas v. Com., 188 Ky. 509.

Under the facts of this case we deem these two errors as peculiarly prejudicial to the substantial rights of the appellants, and especially the last named one. The court in its admonition deprived the jury of taking into the estimate on the question of consent or no consent the lewd and lascivious conduct of the prosecutrix so disclosed, and required the jury to only consider such evidence as affecting her credibility as a witness and not otherwise.

The conduct of counsel complained of it is to be presumed will not occur upon another trial, and for that reason will not be considered.

The judgment is reversed as to each of the four appellants, with directions to grant each a new trial, and for further proceedings consistent herewith.