## Fletcher v. Commonwealth.

(Decided Oct. 10, 1933.)

A. H. ALLEN, M. F. PATRICK, D. G. SUBLETT and A. F. BYRD for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The appellant, Joe Fletcher, was indicted for the crime of rape upon a female infant under twelve years of age. The indictment was drawn under section 1152 of the Kentucky Statutes, but the court, under the evidence, properly instructed the jury under section 1155, which reads in part:

"Every male person who shall carnally know, with her consent, any female child, not his wife, under the age of eighteen years, * * * shall be punished as follows:

"(1) When such child is under the age of twelve years, by imprisonment in the state penitentiary for not less than twenty years nor more than fifty years, or by death, in the discretion of the jury."

This section defines a crime which is a degree of the crime denounced by section 1152. The accused was convicted and his punishment fixed at confinement in the state penitentiary for a term of twenty years. Upon this appeal, it is insisted that error intervened at the trial, in the introduction of evidence, in failing properly to instruct the jury, in the argument of the commonwealth's attorney, and in that the verdict is not sustained by the evidence.

The appellant is a preacher fifty-six years of age, and has several children, some of whom are married. He resides with his wife and unmarried children in the town of Royalton in Magoffin county. The prosecutrix, Sallie May Hale, at the time of the alleged rape, lived with her parents near appellant's home. A vacant lot fifty feet wide, owned by appellant, separated the two homes. On the rear of appellant's lot was a small barn seven by nine feet in size. The prosecutrix, who was eleven years of age, testified that about 1 o'clock on the day the alleged crime was committed, which was about the middle of August, 1931, she was near appellant's premises, and he called her and asked her to come into the barn; that he took her into one of the stalls in the barn, laid her down on a plank, and had intercourse with her, and then gave her a quarter and told her not to tell any one. Appellant denies that he had any improper relations with the prosecutrix, but admitted giving her a quarter on the day and about the time she claimed the crime took place. He

testified that he was standing in his yard and she called him to the gate and asked him for a quarter, saying that she was leaving the next morning with her father and brother for a visit in Greenup county, and wanted some money for the trip. He is corroborated by his daughter and daughter-in-law, who claimed they were present and heard the conversation. They also stated that at no time were appellant and prosecutrix in the barn on that occasion.

The testimony of the prosecuting witness is subtantially without corroboration, but it has been held that in rape cases the defendant may be convicted on the testimony of the prosecutrix alone. Druin v. Commonwealth (Ky) 124 S. W. 856; Boyd v. Commonwealth, 219 Ky. 62, 292 S. W. 478.

Complaint is made because the words "with her consent" were omitted from the instruction given under section 1155 of the Statutes. To be technically correct, an instruction under this section should include the omitted words, but the error was not prejudicial in the instant case, since the accused was found guilty of the lesser degree of the offense charged and was given the minimum sentence permitted by the statute.

It was shown that the barn in question contains two stalls, and that in one of these stalls was a hog and a trough, and that the ground was muddy. The appellant offered to prove by himself and other witnesses that the other stall was full of oats. The offered testimony, if true, would have tended to discredit the story of the prosecuting witness. The court sustained objections to this evidence, and, in view of the nature of all the evidence, we conclude that this was a prejudicial error. One witness was permitted to state that he had assisted appellant in harvesting his oats in July, and at that time one of the stalls in the barn was filled and a board was nailed across the door. This, however, would not show the condition of the stall in August, and it was evidence on that point that the court excluded.

Complaint is made of the argument of the commonwealth's attorney. In the course of his argument he referred to an incident which occurred during the trial when the appellant's attorney sought to procure

a copy of the testimony of the prosecuting witness given before the grand jury, and which was then in the possession of the attorney for the commonwealth. Appellant had not followed the procedure prescribed in section 110 of the Criminal Code of Practice, and the court properly overruled his motion to require the commonwealth's attorney to furnish during the trial his transcript of the evidence heard before the grand jury to the accused. Turk v. Martin, 232 Ky. 479, 23 S. W. (2d) 937. The attorney for the commonwealth offered to read to the jury all the testimony of the prosecuting witness given before the grand jury and which had been transcribed by the stenographer appointed for that purpose. The appellant objected, and the court properly sustained his objection. In his argument the commonwealth's attorney said:

"We brought the record of this girl's testimony into court and offered to read it and they said that they wanted the whole truth and that the defendant does not want the truth or they would have permitted this statement to be read. They pretended that they wanted this record and when they got it and could get it, they backed down and did not want it. This shows how fair the defendant's attorneys are."

This was an improper argument, unless, as contended by the Attorney General, it was in reply to the argument of the opposing counsel in discussing the same incident. However, the bill of exceptions does not disclose what was said in this respect by the appellant's attorney. While the argument under the circumstances was improper, it is unnecessary to determine whether or not, standing alone, it was of such a prejudicial nature as to authorize a reversal, since we have concluded the judgment must be reversed because of the rejection of competent, relevant, and material evidence offered by the appellant.

The judgment is reversed, with directions to grant the appellant a new trial and for further proceedings consistent herewith.