## Commonwealth v. Congleton.
### (Decided Jan. 19, 1937.)

B. M. VINCENT, Attorney General, G. MURRAY SMITH, Commonwealth's Attorney, and GUY H. HERDMAN, Assistant Attorney General, for appellant.

W. C. ROBINSON and BEVERLY P. WHITE for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Certifying the law.

At the November, 1936, term of the Powell county circuit court the grand jury returned an indictment against appellee charging him with the offense of destroying the property of another as denounced in section 1256 of the Kentucky Statutes. Omitting the caption and other formalities the indictment reads as follows:

"The Grand Jury of Powell County in the name and by authority of the Commonwealth of Kentucky accuse Crit Congleton of the offense of unlawfully destroying personal property of another, committed as follows: That said Crit Congleton in the county aforesaid and within one year next before the finding of this indictment, did unlawfully and wilfully, but not with felonious intent, injure and destroy a table, the property of Leonard Horn, against the peace and dignity of the Commonwealth of Kentucky."

Section 1256 of the Kentucky Statutes under which the indictment was drawn, reads as follows:

"If any person unlawfully, but not with felonious intention, take, carry away, deface, destroy or injure any property, real or personal, or other thing of value not his own, or willfully and knowingly, without a felonious intention, break down, destroy, injure or remove any monument erected to designate the boundaries of this state, or any county, city or town thereof, or the boundaries of any tract or lot of land, or any tree, mark, or post or stone planted for that purpose he shall be fined not less than ten nor more than two thousand dollars."

The court sustained a demurrer to the indictment and the Commonwealth has appealed for a certification of the law, insisting that the indictment is sufficient, and the court erred in sustaining the demurrer thereto.

The order sustaining the demurrer discloses no reason therefor, but it is stated in brief of appellant that the court sustained the demurrer because the indictment failed to charge that defendant injured and destroyed the property named in the indictment "without the consent of the owner." However, if the indictment is defective for any reason, the demurrer would properly have been sustained and it is immaterial that the court should have acted upon an erroneous theory or reasoning.

It will be seen that the indictment follows the exact language of the Statutes, and it is the well-known rule that, where the words of the Statutes are descriptive of the offense, the indictment will be sufficient, if it shall follow the language of the Statutes or use other words

conveying the same meaning. Section 136 of the Criminal Code of Practice and cases cited in notes thereunder.

This rule is applicable, of course, to purely statutory offense as distinguished from common law offenses. In Mitchell v. Com., 88 Ky. 349, 11 S. W. 209, 10 Ky. Law Rep. 910, it is held that, if a statute refers to a common-law offense by its popular name, as for instance, "robbery" and proceeds to impose a penalty for its commission, it is not sufficient to charge the accused with its commission, in the statutory terms alone; in such cases the pleader must define the offense by stating the common-law elements necessary for its commission. But the offense charged in the indictment under consideration is purely statutory and, in such cases, it is necessary only that the indictment charge the offense in the language of the Statutes or in substance the same, and the rule applicable to offenses known to the common law does not apply. In Com. v. Bush, 131 Ky. 384, 115 S. W. 249, it is held that failure to state important facts in an indictment which might properly have been stated will not alone vitiate it, if the language of the indictment is sufficient to apprise a person of ordinary understanding of the nature of the charge against him. The indictment charges that defendant "did unlawfully and wilfully" injure and destroy a table, the property of Leonard Horn. It is a fundamental rule of pleading in criminal as well as civil cases, that, where the pleaded facts are sufficient to constitute a prima facie right of recovery, it is sufficient and all other matters are for the defense. It is not reasonable to presume that a person would consent to the injury or destruction of his property, and, when it is alleged that a person willfully and unlawfully destroyed or injured the property of another, it will be presumed that it was without the consent of the owner, and the burden then shifts to the defendant to show that his acts were not unlawful, and he may show as a defense that he committed the act with the owner's consent, and in such case the injury or destruction of the property might not have. been "unlawful," and if the act was not "wilful," i. e., accidental, this may also constitute a defense. In the case of Gragg v. Com., 104 S. W. 285, 31 Ky. Law Rep. 873, it was held that an indictment alleging former conviction of the defendant for felonies, need not allege that

such conviction had not been vacated or reversed; that being a matter for the defense. And it is also the rule that the same nicety is not required in charging minor offense as in charging common-law felonies. Ruark v. Com., 150 Ky. 47, 150 S. W. 5.

Under the last two cited cases, if it be conceded that the indictment in the present case might properly have stated that the act charged was done without the consent of the owner of the property, yet it being a purely statutory offense, the absence of such language does not vitiate the indictment.

We find however, in the case of Com. v. Moore, 30 S. W. 873, 17 Ky. Law Rep. 212, under an indictment drawn under section 1256 of the Statutes and for one of the offenses denounced therein, charging that the defendants "did unlawfully, but not with felonious intention, take and carry away from the land of E. T. Todd timbers for firewood, cross-tie timber, and sawlogs," etc., a demurrer was sustained to the indictment because it failed to state that the acts charged were committed without the consent of the owner of the property.

The writer of that opinion correctly states the rule of law thus: "The rule of law is that where a statute creates and defines the offense, and specifies the acts constituting the same, an indictment in the language of the statute is sufficient; but the rule is otherwise where the statute does not specify the acts which constitute the offense." But the writer of that opinion further concluded however, that the averments that the defendants took and carried away the property, amounted only to a conclusion of the pleader. We concur in the statement of the rule of law quoted above, but we find ourselves unable to agree that the charge in the indictment was a mere conclusion of the pleader. If the indictment had only charged that the defendant committed an offense against the property of the owner, or that he deprived the owner of his property, or other language of like or similar import, without stating how he committed the act, would be to state only a conclusion of the pleader. But, in the language of the statute, the indictment charged that the defendants committed the offense by taking and carrying away the property of another, which stated a fact.

It is our opinion therefore, that the opinion in the Moore Case, supra, is an erroneous statement of the law in so far as it holds that the averments in the indictment were only a conclusion of the pleader, and it is to that extent, hereby overruled. From what has been said it follows that the indictment in the present case was sufficient, and the court erred in sustaining the demurrer thereto.

The law is so certified.