## Golden v. Commonwealth.

Feb. 3, 1942.

380

J. Milton Luker for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appeal is from a conviction of the crime of having carnal knowledge with her consent of a female under 18 years of age. Section 1155, Kentucky Statutes.

The appellant, Ben Golden, submits that the verdict is flagrantly against the evidence. He was at the time 57 years old and an uncle by marriage of the prosecuting witness, living with his wife and three of his eight children several hundred yards away. One morning in September, 1939, the prosecutrix went to the woods near her home to get some stove wood. So it is testified by her mother and herself. She testified the defendant invited her to go riding in his automobile but she refused. He made her go up the hill into the woods and there have intercourse with him. That afternoon they came down and spent the night together in a hay stack on the defendant's farm. All of this was against her will and consent. The next morning the defendant sent her to the home of her aunt at Kay Jay. She was then 13 years old. The record discloses that the prosecuting witness was hesitant in answering the questions and sometimes

did not answer at all. On its face this would ordinarily tend to discredit a witness' testimony. However, the jury observed the child and was able to judge whether this was due to timidity or fear, or to confusion or deliberation. A fourteen year old neighbor boy testified that about eight o'clock that morning, Golden asked him "to go over to Harve Sturdevant's and tell her to come up on the hill." He did so and later saw them together standing just off the path on the hill. His twin brother testified, however, that it was two weeks before this occasion that he and his brother had seen the girl up there with a stick of wood in her hand and the defendant standing in a public path talking to her. But it was shown that on this particular morning the girl was at Sturdevant's home until her mother called her about ten o'clock and sent her for some stove wood. There is other evidence that the defendant was later seen going in the same direction. The girl's mother in searching for her the next morning met up with the defendant. It is inferred from her testimony concerning this meeting that he knew where the girl was for he went with the mother to the place.

The defendant vigorously denied the crime. He was supported by the testimony of his two sons that they were repairing a fence on their place that day. He had passed the home of the prosecutrix about eleven o'clock that morning going there. He accounts for his whereabouts during the afternoon and proved by his family that he slept at home that night. He introduced three witnesses who testified that the girl had gone to the home of her cousin, Maude Woollum, the defendant's daughter, late that afternoon and spent the night there. Her mother admitted that the girl "would get mad sometimes and say she was going to leave home." And further: "If we would whip her she would say she was going to leave." There is no evidence that anything occurred at her home that would have caused the girl to leave that morning. But there is evidence that while at Maude Woollum's she said she had left home because her folks were mean to her and that she was going to get a place to stay and get some clothes and be like other girls. It is not shown when the girl first accused the appellant. Her mother says it was several days afterward that she learned where her daughter had been. No reason or motive is suggested why the girl should falsely and wrongfully accuse her uncle and neighbor.

The girl's age was brought in question. She and her mother testified that she was 13 years old at the time. She married about a month afterward. In procuring the license it was stated to the clerk by the girl or her mother or her aunt, the defendant's wife, that she was 18 years of age. The defendant and his wife both were present. The mother testified the girl and her husband never lived together; but he, by deposition in the form of an affidavit of the defendant, testified without objection that they had lived together; that his wife was a virgin, and that she had told him her charge against the defendant was not true.

We have given the record unusual consideration, realizing that the conviction rests principally upon the testimony of the girl and is contradicted by a number of witnesses. But we have reached the conclusion that the verdict is sustained by the evidence.

The court instructed the jury that if they believed from the evidence that the prosecuting witness was of the age of 12 and less than the age of 16, and the defendant had had carnal knowledge of her "with or without her consent," they should find him guilty and fix his punishment at imprisonment for not less than five nor more than twenty years, in their discretion. He instructed that if they believed the prosecuting witness was of the age of 16 and under the age of 18 years and was guilty to fix his punishment at imprisonment from two to ten years. The jury fixed the penalty at seven years and one day.

The appellant argues that it was prejudicial error to authorize his conviction if the crime was committed without the consent of the prosecutrix, because Section 1155 of the Statutes, under which he was indicted, provides that the crime must have been committed "with her consent." On the surface the case presents something of an anomaly. The girl testified that the defendant had wronged her without her consent. Section 1154 of the Statutes fixes the punishment for one carnally knowing a female of any age over twelve years "against her will and consent," or by force, or while she is insensible, at imprisonment for not less than ten years nor more than twenty, or by death. As we have stated, Section 1155 fixes the punishment at imprisonment for not less than five nor more than twenty years where the girl was

between 12 and 16 years; and from two to ten years where she was between 16 and 18 years old.

The offense covered by Section 1155 is a lower degree of that covered by Section 1154. Prewitt v. Commonwealth, 248 Ky. 845, 60 S. W. (2d) 122. Section 1155 was designed to protect children and idiots deemed to be incapable in law of consenting. The reason is that the victim is without capacity and discretion to have a proper conception of the character of the offense being committed against her person, or to comprehend its consequences fully, or perhaps to possess strength of will to resist the influence and importunities of the ravisher. That is actually so of an idiot and presumptively so of a child. Johnson v. Commonwealth, 7 Ky. Law Rep. 47, 13 Ky. Opin. 534; Fenston v. Commonwealth, 82 Ky. 549. The act is the same as that embraced in common-law rape except that the age of the female has been raised from 10 to 18 years. Frierson v. Commonwealth, 175 Ky. 684, 194 S. W. 914. In the revision of Section 1155 of the Statutes in 1922, Acts of 1922, chapter 17, raising the age of consent and adjusting the penalties according to the age of the accused and the victim, the phrase "with her consent" was incorporated in it. We think the purpose was to distinguish the act from one committed by force or while the victim was insensible, which is a more heinous crime. Within the theory of the statute there could not be any consent that would exculpate the offender. Therefore, it could make no difference in the prosecution whether as a matter of fact the act was agreed to or not by the girl, for as a matter of law she could not. The usual form of the instruction in such case as this simply submits the issue of whether the defendant had carnal knowledge of the girl. Stanley on Instructions, Section 964. Since an indictment and the instruction based thereon should, on principle, follow the statute upon which the prosecution is founded, both it and the instruction should include the phrase "with her consent," but it has been held that the omission from either is not prejudicial. Fletcher v. Commonwealth, 250 Ky. 597, 63 S. W. (2d) 780. The facts of any given case, measured by the concept and purpose of the statute, must determine whether it is necessary to use the term "with her consent" in the instructions. Under the facts of this case, the jury might have been misled had the phrase "with her consent" been used by itself. So it was not improper to couple it with the alternative condition. It

would not have been error to have omitted both clauses, but it was not prejudicial error to use both of them here.

Wherefore the judgment is affirmed.