# Gambrell et al. v. Commonwealth.

March 24, 1950.

J. B. Johnson, Judge.

J. B. Campbell for appellants.

574

A. E. Funk, Attorney General, and John B. Browning, Assistant Attorney General, for appellee.

JUDGE REES—Affirming.

The grand jury of Knox County returned an indictment against Calloway Gambrell and Ford Brown charging them with the crime of rape. On their trial they were found guilty of detaining a woman against her will, a crime denounced by KRS 435.110, and the punishment of each was fixed at confinement in the penitentiary for a term of two years. It is argued on this appeal that (1) the indictment is defective; (2) the evidence is insufficient to support the verdict; and (3) the instructions are erroneous.

The indictment was drawn under KRS 435.090, which fixes the punishment for any person who unlawfully carnally knows a female of and above 12 years of age against her will and consent. The indictment is criticized because it failed to state the ages of the parties, and that the female was not the wife of either of the defendants. As pointed out in Jones v. Commonwealth, 124 Ky. 26, 97 S. W. 1118, when the indictment fails to allege that the female upon whom the rape is committed is under 12 years of age it must be understood as meaning that she is above that age. Merriss v. Commonwealth, 287 Ky. 58, 151 S. W. 2d 1030. It was not necessary to allege in the indictment that the prosecutrix was not the wife of either of the defendants. The indictment alleged that the defendants unlawfully carnally knew the prosecutrix, and it was drawn in the language of the statute. This was sufficient. Nunley v. Commonwealth, 307 Ky. 274, 210 S. W. 2d 962; Commonwealth v. Congleton, 267 Ky. 22, 101 S. W. 2d 210; Stark v. Commonwealth, 169 Ky. 539, 184 S. W. 875.

The prosecutrix, Viola Brown, was 18 years of age at the time the alleged offense was committed. She had lived all of her life in a remote section of Knox County about 25 miles from Barbourville, the County seat. During the winter of 1947-1948 she worked as a domestic in the home of Mr. and Mrs. Brice Gray, who lived on Laurel Branch of Big Stinking Creek five or six miles from the home of her mother. She testified that about noon on April 23, 1948, Ford Brown came to the Gray home and told her that her mother was ill and wanted her, and that he would take her to her mother's home in

his car. She walked with him down the creek to the point where his car was parked, and found waiting there the appellant Calloway Gambrell. The two men and the prosecutrix got in the car and started down the creek. After traveling three or four miles Ford Brown, the driver, turned the car to the right on a side road and drove up Roaring Fork about two or two and one-half miles where, according to the prosecuting witness, the two men forced her out of the car and each of them ravished her. After two or three hours they drove to Barbourville and on to Pineville. On the road to Pineville they stopped on a side road and the two men again had intercourse with the prosecutrix against her will. They then drove to Pineville, went into a theatre, remained a few minutes, and drove to the home of Brown's sister on Sandy Branch. Brown's sister was not at home, and he entered the house through a window and opened the door. Viola Brown testified that both men attempted to have intercourse with her during the night. Ford Brown's sister had not returned when they left on the following morning. They returned to Brice Gray's home the next day, and soon thereafter Viola Brown told Mrs. Gray what had happened. Mrs. Gray notified by messenger Viola's mother, who came to the Gray home on the following morning and took her daughter to Barbourville where she procured a warrant for the arrest of appellants. Brown and Gambrell admitted that they made the trip in the automobile from the Gray home through Barbourville to Pineville and from Pineville to the home of Brown's sister where they spent the night, but both denied that either of them had intercourse with Viola Brown at the times and places described by her or at any other time or place. They testified that they and Viola Brown slept in separate rooms at the home of Ford Brown's sister. On cross-examination the prosecuting witness was asked why she didn't complain to some one while she was in Pineville, and she answered: "I was scared." She also testified that Gambrell and Brown had with them a quantity of moonshine whisky which they drank. At the time of the alleged offense Ford Brown was 21 years of age and married, and Calloway Gambrell was 40 years of age and married, though he and his wife were separated. We cannot accept appellants' argument that the testimony of the prosecutrix is so improbable as to be unworthy of belief.

The question of her credibility was for the jury to determine. Her testimony was clear and unequivocal, and she was unshaken on cross-examination. She related in detail the occurrences of the day and night, and her testimony was corroborated by that of appellants in all important respects except as to the acts of intercourse. It is the rule in this character of case that the verdict based upon the uncorroborated testimony of the prosecutrix will be upheld unless her story is so highly improbable as to disclose its falsity. McDaniel v. Commonwealth, 308 Ky. 132, 213 S. W. 2d 1007; Fugate v. Commonwealth, 291 Ky. 793, 165 S. W. 2d 573; Fletcher v. Commonwealth, 250 Ky. 597, 63 S. W. 2d 780.

The court instructed the jury under KRS 435.090 and KRS 435.110 and on assault and battery. Appellants complain of Instruction No. 1 on rape because it permitted the jury to assess as punishment "confinement in the penitentiary for life without the privilege of parole." This is one of the alternative punishments provided by the statute, and was properly incorporated in the instruction. Furthermore, appellants were not convicted under the instruction on rape, but under an instruction on a lesser degree of that crime and they could not complain even though the instruction on rape had been erroneous. Instruction No. 2 on the offense of unlawfully detaining a woman against her will with intent to have carnal knowledge of her, which is a lesser degree of the crime of rape, was authorized by the evidence. Kitchen v. Commonwealth, 275 Ky. 564, 122 S. W. 2d 121; Burnam v. Commonwealth, 289 Ky. 312, 158 S. W. 2d 131. Under the evidence the jury might have believed the crime of rape was not completed, but there was evidence justifying the conclusion that appellants unlawfully detained the prosecuting witness with intention to have carnal knowledge of her. It was therefore proper to instruct on that offense. Hogue v. Commonwealth, 305 Ky. 298, 203 S. W. 2d 42.

Judgment is affirmed.