James Donald **CLEMENTS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 9, 1968.

Rehearing Denied March 29, 1968.

William L. Wiesman, Owensboro, for appellant.

Robert Matthews, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant, James Donald Clements, was indicted for the crime of rape. KRS 435.090. Upon trial he was convicted of detaining a woman against her will with intent to have carnal knowledge of her and his punishment was fixed at two years in the state penitentiary. KRS 435.110. We consider the several grounds upon which he relies for reversal of the conviction. Hereinafter the victim of the alleged crime will be referred to as the prosecutrix.

■ It is contended that the trial court should have directed an acquittal because the testimony of the prosecutrix is unsupported and is intrinsically improbable and therefore unworthy of belief. To sustain a conviction our case law requires the testimony of the prosecutrix to be credible, probable and not at variance with the laws of common experience. Kearney v. Commonwealth, Ky., 386 S.W.2d 953; Carrier v. Commonwealth, Ky., 356 S.W.2d 752. In Holland v. Commonwealth, Ky., 272 S.W.2d 458, we said that in sex cases the evidence should be scrutinized by the appellate court because the charge is easily made and difficult to disprove, and by its very nature it is liable to create natural indignation in the jurors' minds. It is therefore necessary for us to carefully examine the pertinent evidence upon which the conviction is based.

The prosecutrix was sixteen years of age at the time of the commission of the alleged offense but she only had a mental age of five years. Appellant was twenty-four years-old, married, and a resident of Owensboro, Kentucky.

A taxicab driver testified that during the evening of January 30, 1967, a man who resembled appellant and who had been drinking, called his attention to the prosecutrix's condition while she was in the vicinity of a house on 18th street in Owensboro which appellant rented. This driver notified Owensboro police officers who came to the scene and questioned prosecutrix. At that time she was barefooted and clothed only in an old coat. Her conversation was incoherent and indicated she had been drinking. She related that her home was in Rockport, Indiana, and that she had been driven to Owensboro by some boys who had persuaded her to get in their

car as she was returning home from school. She said that while they were in Indiana the boys in the car with her had forcibly taken off her clothes and one of them had sexually assaulted her. She also complained about being burned on her neck. The police officers were unable to determine from questioning her whether she had been sexually assaulted in Kentucky. Later that evening she was examined by a physician who found a few sperm which he said indicated that she had engaged in a sexual relationship. The physician discovered in the area of her jawbone a circular lesion compatible with a cigarette burn.

On appellant's trial prosecutrix, in substance, testified that she got into appellant's car in Rockport, Indiana, was driven to Owensboro, Kentucky, where appellant purchased some whiskey, and was then taken by him to a partially vacant house on 18th street where she was raped by him. Although the credibility of her testimony was somewhat shaken by testimony showing she had made some contradictory statements to police about where she was assaulted, her testimony in pertinent part was corroborated to the extent that several witnesses place appellant with her near the scene of the crime. Appellant himself testified that the prosecutrix was transported from Indiana to Kentucky in his car; that he had been drinking and went to sleep in the automobile during their drive back to Owensboro. Concerning what transpired upon reaching Owensboro, he stated:

"Q. 46. Tell the ladies and gentlemen of the jury what you do remember about what happened?

"A. Well, I remember trying to get Larry Lyons to take her home. I do remember that and he said he couldn't do it on account of his wife, said he would have to call his wife and check on that first, and so I said, 'well, let's go up to the house and call. The house is empty,' and I said, 'you can use the phone in

there.' So, when we get out to go in the house she gets out of the car and she stumbles and falls and then Larry goes in to use the phone and I told him, I said, 'just call me a cab too and I will get on out of here and you take the car to Roy's and I will get on home.' I said, 'I am not fooling with her, I can't get rid of her,' and he did, and I got out about two blocks down the street and started back towards the house to wait on the cab and I called a cab and I barely remember—well, I do remember telling the cab driver that there was a woman back there by the telephone pole, but other than that I don't know no more there other than what I hear."

Appellant unequivocally denied that he had molested her sexually in any manner or had any intention to do so.

■ We are unwilling to accept appellant's argument that, as a matter of law, the testimony of the prosecutrix is unworthy of belief. She related in detail the occurrences in which she and appellant had been involved and her testimony was corroborated by that of appellant as well as other witnesses in all respects except as to the act of intercourse and her unlawful detention. In these circumstances the question of the credibility of her testimony was for the jury to determine. McCloud v. Commonwealth, Ky., 333 S.W.2d 264; Fugate v. Commonwealth, 291 Ky. 793, 165 S.W.2d 573. It is our opinion that the evidence is sufficient to support the jury's belief that the crime of rape was not completed but that appellant had unlawfully detained the prosecutrix with the intention to have carnal knowledge of her. KRS 435.110; Newsome v. Commonwealth, Ky., 274 S.W.2d 484; Gambrell v. Commonwealth, 312 Ky. 573, 228 S.W.2d 457.

■ It is contended that the trial court erred in instructing the jury. No objection was raised concerning the instructions either when given to the jury or in the motion for a new trial. The mere stating in a

motion that the verdict is contrary to law and the evidence is insufficient to raise any legal question involving the instructions. Duncan v. Commonwealth, Ky., 330 S.W.2d 419; Beach v. Commonwealth, Ky., 246 S.W.2d 587. In the absence of a proper motion or objection which affords the trial court an opportunity to pass on the alleged error, there is nothing preserved for appellate review. Piper v. Commonwealth, Ky., 387 S.W.2d 13; Merritt v. Commonwealth, Ky., 386 S.W.2d 727; Hartsock v. Commonwealth, Ky., 382 S.W.2d 861. We observe, however, that the instructions when read and considered in their entirety correctly stated the law governing the case. In form and substance they are similar to instructions we have approved in cases of this character.

■ Appellant urges that a certain remark by the Commonwealth's Attorney was prejudicial. During the questioning of the prosecutrix, counsel for appellant was complaining to the court about leading questions being propounded to the witness. At one stage of the questioning she was asked a certain question and appellant's counsel commented to the court:

"That is still leading judge. They have drilled her in this."

The retort of the Commonwealth's Attorney was:

"Your Honor, that is simply not true. This girl has a 30 I.Q. and a four and a half-year-old mental condition."

The court then informed the Commonwealth's Attorney that the witness had responded to every question asked of her. No objection or request for an admonition was made but only an exception to the court's ruling was saved by the Commonwealth's Attorney. Neither was there any reference made to this ruling in the motion for a new trial. Therefore the alleged prejudicial remark has not been properly preserved by the appellant for this court's review. Merritt v. Commonwealth, Ky., supra.

■ During the cross-examination of prosecutrix the Commonwealth's Attorney suggested to the court that it take a five-minute recess. Appellant's counsel objected. The court inquired of the witness if she were feeling all right. She replied:

"No, my stomach hurts."

The Commonwealth's Attorney remarked:

"She has epilepsy. Her mother is out there."

The court ordered a five-minute recess and directed the witness' mother to see after her. It is contended that the remark of the Commonwealth's Attorney was inflammatory and prejudicial. However, there was no request for an admonition or any question raised before the trial court concerning the propriety of the remark, so there is nothing here to review.

■ It is further contended that the trial court erred in allowing the Commonwealth's Attorney to ask the prosecutrix numerous leading questions. It is argued that the Commonwealth's Attorney so persistently indulged in such practice and so greatly prejudiced the appellant that an objection to such conduct was not necessary. While it does appear in the record that some of the questions asked the prosecutrix were of a leading character, we also find that the prosecutrix was a reluctant witness and also one that was far below the standard of normalcy, especially as to her mental capacity. In these circumstances the trial court has much discretion. Grace v. Commonwealth, 302 Ky. 796, 196 S.W.2d 417. We have carefully read the questions propounded to the prosecutrix and find no abuse of discretion.

The judgment is affirmed.

All concur.