**Kenneth E. HACK, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1970.

Kenneth E. Hack pro se.

John B. Breckenridge, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

The appeal is from a judgment overruling without a hearing appellant's motion under RCr 11.42 to vacate a judgment of conviction of the McCracken Circuit Court sentencing him to serve five years in prison pursuant to his plea of guilty on a charge of storehouse breaking.

Appellant has two prior convictions for storehouse breaking and larceny that were affirmed in two like-styled cases: Hack v. Commonwealth, Ky., 418 S.W.2d 216 (1967), and Hack v. Commonwealth, Ky., 433 S.W. 2d 877 (1968).

As grounds to vacate the judgment, appellant asserts (1) the trial court erred in failing to order a mental examination pursuant to KRS 203.340; (2) there were errors in the instructions; (3) the indictment was defective; (4) the second conviction was pending on appeal when he was indicted under the Habitual Criminal Act; and finally (5) he was denied "effective assistance of counsel."

Assuming arguendo that the provision of KRS 203.340 as to mental examination in habitual criminal cases was not complied with, the point is moot in the light of the fact that the charge of being a habitual criminal was dismissed when appellant entered a plea of guilty and accepted a five-year prison term.

The complaint of the instructions relative to the habitual criminal charge likewise goes out the window since there was no conviction on that charge. See Gambrell v. Commonwealth, 312 Ky. 573, 228 S.W.2d 457 (1950); McElwain v. Commonwealth, Ky., 400 S.W.2d 212 (1966); and Commonwealth v. Watkins, Ky., 398 S.W.2d 698 (1966), cert. denied 384 U.S. 965, 86 S.Ct. 1596, 16 L.Ed.2d 677.

Appellant's argument that the indictment was defective in failing to properly allege previous convictions as a basis for a conviction under the Habitual Criminal Act is also without merit for the same reason his first two points are spurious. He was not convicted under this charge.

The fourth ground for reversal in which he says the second felony conviction was pending under appeal at the time of the indictment under the Habitual Criminal Act is also a moot question.

Appellant's fifth and final blast at the judgment is a typical Mother Hubbard allegation containing conclusions, not facts. He does not allege in what manner he was prejudiced by being "denied effective assistance of counsel." The record contradicts his allegation. He appeared with able counsel one week before his case was assigned for trial and accepted a five-year sentence on condition that the other felony charge (habitual criminal) be dismissed. He could have received a life sentence under the habitual criminal charge.

See Thomas v. Commonwealth, Ky., 437 S.W.2d 512 (1968).

The judgment is affirmed.

All concur.