### Maynard v. Commonwealth.

(Decided April 18, 1924.)

## Appeal from Pike Circuit Court.

1. Criminal Law—Not for the Jury to Say Whether Labor Sentence Shall be Applied.—In view of Rash-Gullion Act, section 10, one convicted of drunkenness must be given a labor sentence, and it is not for the jury to say in its verdict whether the labor sentence should be applied.

2. Drunkards—Indictment Must Specify where Accused was Drunk, or that he Disturbed the Peace.—A demurrer should have been sustained to an indictment for drunkenness, where it did not state that accused was intoxicated at one of the places mentioned in Rash-Gullion Act, section 24, or that he disturbed the peace of some person or persons.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The indictment under which appellant was convicted charges him with "the offense of drunkenness," and in the language of the indictment charging the offense it is said that he "did unlawfully, willfully, knowingly be and become drunk and in an intoxicated state by the use of liquor or other intoxicating beverages contrary to the form of the statutes," etc. The court overruled the demurrer filed thereto and that action of the court is made a ground for a new trial in defendant's motion made for that purpose. It is also complained that the jury in its verdict, after assessing a fine and an imprisonment in the county jail, added thereto "working statute applied," which words, it is insisted, did not authorize the court to adjudge, as it did, that defendant should serve out either the fine or the imprisonment at hard labor, it being contended that before such a judgment could be rendered it was necessary for the court to submit to the jury in the instructions the right to return at its discretion such a verdict and that the latter should in terms so prescribe, and in support of that contention the case of Eldridge v. Commonwealth, 87 Ky. 365, is relied on. The service at hard labor, attempted to be applied in that case, was by virtue of the provisions of an act of April 10, 1878, which was a part of chapter 29 of the then compiled statutes of this Commonwealth, known as the "General Statutes," and the opinion was based upon a construction of that statute.

Section 10 of chapter 33, Acts 1922, page 109, commonly known as the "Rash-Gullion Act," prescribing the offense for which defendant was attempted to be charged, says: "All persons who are convicted under this act, where a jail sentence is inflicted as part of the punishment, shall serve out the jail sentence at hard labor, and all fines and costs assessed against any person under this act, and not paid or replevied, shall be served out by confinement at hard labor at the rate of one day for each dollar of such fines and costs." From its terms it readily will be seen that it is not for the jury to say in its verdict whether the labor sentence shall be applied, but on the contrary it is the imperative duty of the court in pronouncing the judgment to so specify. That being true, the opinion in the Eldridge case has no application to this one, and it follows that the ground relied on for a reversal now under consideration must be overruled.

However, it is equally clear that the court erred in overruling the demurrer to the indictment. Section 24 of the act, *supra,* makes it a misdemeanor "if any person shall be drunk or intoxicated in any public or private road, or in any passenger coach, street car, or other public place or building, or at any public gathering, or if any person shall be drunk or intoxicated and shall disturb the peace of any person," and in construing that section we held in the cases of Lewis v. Commonwealth, 197 Ky. 450, and Commonwealth v. Adams, 201 Ky. 421, that it was necessary for the indictment to charge that the defendant was drunk at some one or more of the places designated in the statute, or that if he was in that condition at some other place that he disturbed the peace of some person or persons. In other words, we held in those opinions, pursuant to the rules of criminal practice from time immemorial, that the allegations of an indictment should conform to the law creating the offense and to show on its face that the defendant had violated the provisions of the law under which he was accused. The legislature saw proper, in enacting the section, to penalize drunkenness only at certain designated places, or under certain prescribed circumstances, and plainly did not make it a criminal offense to be drunk at other places than those designated or under other circumstances than the one named. Since the indictment did not comply with the terms of the statute, as so construed, it failed to name or describe a public offense, and upon a return of the case the Commonwealth should be permitted to dismiss it and resubmit the case to the grand jury, if such a course is desired.

Wherefore, the judgment is reversed with directions to grant the new trial and to sustain the demurrer to the indictment.