## Blevins v. Commonwealth.

(Decided October 1, 1926.)

### Appeal from Johnson Circuit Court.

1.  Criminal Law.—In prosecution for second violation of the Rash-Gullion Act, state must show that first offense was committed after it went into effect.
2.  Criminal Law.—In prosecution for second violation of Rash-Gullion Act, evidence held insufficient to show that first offense was committed after it went into effect.

W. J. WARD for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Following his indictment for the offense charged, the appellant, Gus Blevins, was tried and convicted in the Johnson circuit court of a second violation of the statute known as the "Rash-Gullion Act" (chapter 33, Acts General Assembly 1922), and his punishment fixed by the verdict of the jury declaring him guilty at confinement of one year in the penitentiary. He complains of the verdict and judgment of the court approving same and has appealed.

The offense aptly charged in the indictment as constituting the second violation of the statute, *supra,* by the appellant was that of unlawfully having in his possession whiskey, an intoxicating liquor. It was also therein charged that the offense constituting his first alleged violation of the same statute, and for which he had, as alleged, previously been indicted, tried and convicted, was that of unlawfully selling such intoxicating liquor.

The numerous grounds relied on by the appellant in support of his motion for a new trial, made in and over-

ruled by the circuit court, are urged on the appeal for the reversal of the judgment of conviction. Among these grounds there is one which we regard decisive of the appellant's right to the reversal prayed, that is the ground presenting his third and final contention, that there was a failure on the part of the Commonwealth to prove by any evidence introduced on the trial that the first offense of which he was convicted was committed after the "Rash-Gullion" Act became effective; proof of which fact was indispensably necessary in order to make his second violation of the act, if committed as charged in the indictment in the instant case, a felony as declared by the provisions of the act.

The indictment in the instant case, without setting forth the date of the appellant's commission of the offense of unlawfully selling intoxicating liquor, constituting his alleged first violation of the statute, *supra,* does, by way of conclusion, allege that the offense of which he was first convicted was committed after March 22, 1922, the date upon which the Rash-Gullion Act went into effect. But should this allegation be held good for the purpose intended, the appellant's plea of not guilty entered thereto put in issue the fact alleged and made it incumbent on the Commonwealth to prove its truth, which it wholly failed to do, or attempt.

It appears from the record on this appeal that the indictment charging the appellant with the unlawful sale of intoxicating liquor, relied on in the indictment in the case at bar as constituting the first offense violative of the provisions of the Rash-Gullion Act therein alleged to have been committed by him, was returned February 29, 1923, and that he was tried and convicted of the offense therein charged on January 12, 1924.

To make the felony resulting from the commission of the second offense complete, the first offense must have been committed on or after March 22, 1922, the day on which the Rash-Gullion Act went into effect. It is patent that the offense of which the appellant was first convicted, though committed within twelve months before the finding, or return, of the indictment charging it, could and may have been committed at any time after February 29 and before March 22, 1922, the day upon which the Rash-Gullion Act became effective as a law; and if the first offense was in fact committed on any one of the twenty-one days intervening between February 29 and

March 22, 1922, the appellant was not, and could not have. been, guilty of the felony charged in the second indictment of which he was convicted by the jury's verdict and judgment of the trial court appealed from.

So in order to legally procure his conviction of the felony charged it was incumbent on the Commonwealth to establish on the appellant's trial under the second and last indictment by evidence introduced in its behalf, not only his previous trial and conviction under the first indictment of the offense therein charged, but also that such offense, as well as the second one, was committed after the Rash-Gullion Act became effective, which, as before stated, was March 22, 1922. And as the evidence for the Commonwealth wholly failed to prove the latter essential fact, the appellant was entitled to an instruction peremptorily directing his acquittal by verdict of the jury of the felony charged in the indictment, his motion for which, made when the Commonwealth closed its evidence and renewed at the conclusion of all the evidence, was in each instance overruled by the trial court, and to each of which rulings he, at the time, duly objected and excepted.

In Walker v. Comlth., 192 Ky. 257; Blanton v. Comlth., 210 Ky. 571, it was held, that in order to convict one under a statute or act containing such provisions as are found in the Rash-Gullion Act, of a felony resulting from a second violation of some one of its provisions and a prior conviction for a previous violation of the same or another of its provisions, the prior or first, as well as the second offense must have been committed and conviction for both obtained after the act becomes operative or goes into effect. And in Blanton v. Commonwealth, *Supra*, it was also held that where an indictment for possessing intoxicating liquor and a previous conviction of an unlawful sale of such liquor did not allege the commission of the former offense after the Rash-Gullion Act became operative, the trial court erred in admitting evidence and submitting the question to the jury.

The principles thus declared must control our decision of the main question involved in the case under consideration; and in view of the conclusiveness of the appellant's right to the reversal of the judgment appealed from, and of the reasons we entertain for granting it stated in the opinion, we deem it unnecessary to discuss or pass on the other grounds urged for its reversal.

It is deemed proper to add that the brief of the attorney general, with his customary fairness, concedes that the appellant is entitled to the reversal of the judgment of conviction on the ground indicated in the opinion. For the reasons stated the judgment of the lower court is reversed and the prosecution remanded to that court for a new trial, and such further proceedings as may not be inconsistent with the opinion.