## Yarbrough v. Commonwealth.

(Decided March 25, 1927.)

# Appeal from Estill Circuit Court.

1. Criminal Law.—Where defendant was charged with unlawful possession of liquor as a third offense, judgments of former convictions read in evidence which failed to show that they related to offenses committed subsequent to effective date of the Rash-Gullion Act (Laws 1922, c. 33) were insufficient to sustain conviction.

2. Intoxicating Liquors.—In view of Ky. Stats., Supp. 1926, section 2554a-5, evidence held for jury only on question whether defendant knowingly aided and abetted a third person whom he accompanied in unlawful possession of intoxicating liquor as misdemeanor.

3. Indictment and Information.—Where one is being tried for felony of possessing liquor after former convictions, and he is alone indicted and charged as principal, he cannot be convicted on showing that he only aided and abetted.

4. Criminal Law.—Where illegal search was made before defendant's arrest, evidence of liquor found in his saddle bags at that time was inadmissible.

5. Criminal Law.—Instruction in prosecution for third offense of possessing liquor which assumed that it was shown that prior convictions were for offenses occurring subsequent to effective date of the Rash-Gullion Act (Laws 1922, c. 33), held error when there was no proof of such fact.

6. Criminal Law.—In prosecution for possessing intoxicating liquor, instruction predicated on theory that search of defendant was made after his arrest was error where evidence showed search was made before arrest.

7. Criminal Law.—In prosecution for third offense of possessing intoxicating liquor, instruction that peace officers had right to arrest defendant if they had reasonable grounds to believe he committed felony in their presence held error, where there was no evidence that officers knew anything of defendant's prior convictions.

8. Drunkards.—Peaceable drunkenness on hillside does not constitute an offense under the present Kentucky Statutes.

9. Criminal Law.—In prosecution for possessing intoxicating liquors, instruction that peace officers had right to arrest defendant if he was drunk held error; there being no evidence that he was drunk.

BEN H. SCOTT for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted of the offense of having liquor in his possession, and, it being claimed to be his third offense, he was given six years in the penitentiary. From this judgment he has appealed.

The facts are these: A number of peace officers of Estill county, among whom were the sheriff and a deputy sheriff of that county, were out on a raid. On their way back to Irvine, Ky., as they came down one side of a hill, they heard some loud conversation coming from the other side of the hill. The party divided. Some of the party in charge of the deputy sheriff went around the top of the hill and came down by that way on the other side. The rest of the party, in charge of the sheriff, went down to and around the bottom of the hill. When those in charge of the deputy sheriff got on the other side of the hill they hid themselves in the timber. They soon saw the appellant and a man by the name of Lunceford coming down the hill. The appellant was carrying some saddle bags, and it is conceded that no one could tell without opening them what was in them. Lunceford was carrying a loaded sack which was redolent with whiskey. The deputy sheriff called out to Lunceford, and asked him what he had in his sack. Lunceford replied truthfully, but with an oath, that it was "booze." The appellant then asked the deputy sheriff "if he had any papers," and the deputy sheriff responded that it did not make any difference whether he had or not, but for them to just go on walking down the hill. This deputy sheriff expressly states that he at no time arrested the appellant. The party then went on down the hill with the appellant in the lead, Lunceford next, and the deputy sheriff and his group of peace officers last. When they reached the bottom of the hill they met the sheriff and the rest of the party awaiting them. On their approach the sheriff said to the appellant that it looked as though the latter was heavily loaded and tired, and that he (the sheriff) would assist him by taking the saddle bags. The appellant demanded whether or not the sheriff had any papers, and the sheriff replied that there was no use to argue about papers, and again demanded the saddle bags. He then took the saddle bags off the appellant. It turned out that the saddle bags too contained whiskey.

Later the appellant was indicted for unlawfully having liquor in his possession. The indictment also alleged that the appellant had theretofore been twice convicted for like offenses, and that both of such offenses and convictions had occurred since the effective date of the Rash-Gullion Act of 1922 (Laws 1922, c. 33). On the trial, in addition to the proof of the facts surrounding the arrest of the appellant as above set out, the commonwealth's attorney introduced the clerk of the court, who read to the jury the judgments of the two previous convictions of the appellant, which from the dates set out therein may have related to offenses committed prior as well as subsequent to the effective date of the Rash-Gullion Act. Neither of these judgments showed that they related to an offense committed only subsequently to the effective date of the Rash-Gullion Act. Although the indictment aptly stated this essential fact, the plea of not guilty put such allegation in issue, and, as we held in the case of Blevins v. Commonwealth, 215 Ky. 769, 286 S. W. 1059, it was then incumbent on the commonwealth to prove that the previous convictions were for offenses committed under the present act. This the commonwealth failed to do, and for this reason the case will have to be reversed. In view of the fact that there must be another trial, we will briefly consider some of the other contentions made by the appellant, as they will be directly involved on the next trial.

First, he insists that the demurrer to the indictment should have been sustained. We find no merit in this contention, as it aptly sets forth the offense charged.

Secondly, he insists that he was entitled to a peremptory instruction. In so far as the felony charge embraced in the indictment is concerned, he is correct: First, because, as stated, there was no evidence to show that the prior convictions were for offenses under the present prohibition act; secondly, as we shall presently see, there was no competent evidence introduced to show that appellant himself had any intoxicating liquor in his possession. The only evidence to establish that fact was what the officers discovered in appellant's saddle bags, and, as we shall see, this evidence was incompetent. But appellant was not entitled to a peremptory instruction in so far as his offense was a misdemeanor, which it was but for the two alleged prior convictions. The evidence shows that Lunceford was unlawfully in possession of intoxicating liquor. The deputy sheriff discovered this

fact by Lunceford's voluntary statements, and without any illegal search. The evidence surrounding the arrest of these men was sufficient to carry the case to the jury on whether or not the appellant knowingly aided and abetted Lunceford in such possession. In the case of Jim Boggs v. Commonwealth, 218 Ky. 782, 292 S. W. 324, we held that one charged with the offense of unlawful possession of whiskey, a misdemeanor, may be convicted for such an offense on a showing that he knowingly aided and abetted another in such possession, as, under section 2554a-5 of the Kentucky Statutes (Supplement 1926), one who so aids and abets is deemed a principal, and is punishable as such. This rule, though, is only applicable to misdemeanors. Where one is being tried for a felony, and he is alone indicted and charged only as principal, he cannot be convicted on a showing that he only aided and abetted. Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001. Hence appellant herein, having been indicted only as a principal, cannot be convicted of a felony on a showing that all he did was to aid and abet another in the commission of the offense.

Appellant is correct in his contention that no evidence of what was found in his saddle bags should have been admitted against him to prove the offense charged. The evidence shows that he was not under arrest when the sheriff relieved him of his saddle bags, and that the sheriff did this over the appellant's protest and demand for papers. No matter whether the sheriff had a right to arrest him or not, the facts are that the search was made before the arrest was made. Hence the ultimate discovery of the whiskey resulting from the illegal search made before the arrest is not admissible in evidence. The appellant is also correct in his contention that the court erred in its instructions. These instructions are erroneous because they assume that it was shown that the two prior convictions were for offenses occurring subsequent to the effective date of the Rash-Gullion Act, when there was no proof of that fact. Instruction No. 2 was erroneous because it was predicated on the theory that the search of appellant was made after his arrest, when the evidence shows that the search was made before his arrest. Further, it is erroneous because it told the jury that the peace officers had a right to arrest appellant if they had reasonable grounds for believing that the appellant had committed a felony in their pres-

ence, when there was no evidence whatever in the record to show that these peace officers knew anything at all about the prior convictions of the appellant, a fact necessary for them to know in order for them to believe this offense, if any, of the appellant, otherwise a misdemeanor, was a felony. It is also erroneous because it told the jury that the peace officers had a right to arrest the appellant if he was drunk in their presence. There is no evidence in the record that he was drunk, although some that he was drinking, and, further, even though he was drunk, he was peaceably drunk out on a hillside, which being true constituted no offense under our present Statutes. Harkleroad v. Commonwealth, 207 Ky. 552, 269 S. W. 724; Maynard v. Commonwealth, 202 Ky. 684, 261 S. W. 10. On the next trial, if the evidence be substantially the same as in the one under review, the court will submit to the jury under a misdemeanor instruction only the question whether or not Lunceford was in the unlawful possession of whiskey, and, if so, whether or not the appellant knowingly aided and abetted Lunceford in such possession.

The judgment of the lower court is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.