## Albritten v. Commonwealth.

(Decided December 14, 1928.)

# Appeal from Calloway Circuit Court.

1.  Intoxicating Liquors.—Whether defendant in prosecution for selling intoxicating liquor was guilty held for jury; there being only one witness for prosecution and one for defense.

2.  Criminal Law.—Notations on docket showing that defendant being prosecuted for selling intoxicating liquor had previously been convicted of unlawful possession of intoxicating liquor held admissible, though such notations were not made directly by the clerk.

3.  Criminal Law.—Evidence by defendant in prosecution for selling intoxicating liquor that he had previously been convicted of unlawful possession, paid his fine, and served sentence, held admissible; constitutional provision against self-incrimination having no application, the accused having voluntarily offered himself as witness in his own behalf.

4.  Witnesses.—Defendant to criminal prosecution waives his constitutional right so far as offense charged in indictment is concerned, and may be cross-examined and required to answer concerning facts connected with charge, though it tends to establish guilt, where he voluntarily offers himself as witness in his own behalf.

5.  Criminal Law.—After commonwealth in prosecution for selling intoxicating liquor had proved prior conviction of defendant for unlawful possession of intoxicating liquor, it was incumbent upon defendant desiring to avail himself of it to show that judgment had been modified, set aside, or reversed.

6.  Criminal Law.—Instruction in prosecution for selling intoxicating liquor, where indictment charged also prior conviction of unlawful possession of intoxicating liquor, held not erroneous, as failing to make reference to prior offense; it being proper to submit issue without reference to prior conviction and then submit issue of prior conviction in another instruction fixing punishment which might be imposed.

7.  Criminal Law.—Instruction in prosecution for selling intoxicating liquor, where indictment charged also prior conviction of unlawful possession of intoxicating liquor, held erroneous for not submitting to jury the time of the commission of first offense, since it must appear that first offense was committed after effective day of act providing for conviction of felony for a second offense.

JOE LANCASTER for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Clay— Reversing.

Claudius Albritten was convicted under an indictment charging him with the offense of selling intoxicating liquor and of having theretofore been convicted of the unlawful possession of intoxicating liquor, and his punishment was fixed at one year's imprisonment. He appeals.

One witness testified that within the time alleged in the indictment he purchased intoxicating liquor from appellant. On the other hand, appellant denied making the sale. There being one witness on each side, there can be no doubt that the question of appellant's guilt of the second offense was clearly for the jury. Indeed there is no serious contention to the contrary; appellant's chief insistence being that the prior conviction was not proved. It is true that, when the circuit clerk was on the stand, he did not testify to the date of the former conviction. However, upon his second appearance he produced the commonwealth's docket for the November term, 1925, which showed that the case was tried at that term, and that appellant was the defendant in that action. The reason that the warrant was not produced was that the papers containing the warrant could not be found in the records of the court. However, certain notations on the docket showed that the offense for which appellant was first tried and convicted was "illegal possession of intoxicating liquor." It is insisted that these notations were not admissible because not made by the clerk himself, but the clerk is the custodian of the records, and all records in his office are admissible in evidence whether made by him or his deputy, or some one else at his direction. The fact that the first conviction occurred after the effective date of the Rash Gullion Act (Acts 1922, c. 33) was shown by Burgess Parker, a policeman. Even if it were doubtful that the first offense was properly proven, appellant did not elect to stand on the case made by the commonwealth, but himself went on the stand and testified that he was convicted of the first offense, paid his fine, and served out the sentence. It is true that this evidence was objected to, but in the circumstances it was admissible. The constitutional provision against self-incrimination has no application to a case where the accused voluntarily offers himself as a witness in his own behalf. In such case he waives his constitutional right so far as the offense charged in the indictment is concerned, and may be cross-

examined and required to answer concerning any fact connected with that charge, even though it may tend to establish his guilt. Sawyer v. United States, 202 U. S. 150, 26 S. Ct. 575, 50 L. Ed. 972, 6 Ann. Cas. 269; Harrold v. Territory, 18 Okl. 395, 89 P. 202, 10 L. R. A. (N. S.) 604, 11 Ann. Cas. 818; Saylor v. Commonwealth, 97 Ky. 184, 30 S. W. 390, 17 Ky. Law Rep. 100.

There is no merit in the contention that there was a failure of proof because the mandate of this court affirming the first conviction was not filed in the clerk's office. As pointed out in the late case of Johnson v. Commonwealth, 209 Ky. 181, 272 S. W. 428, all that the commonwealth had to do was to identify the defendant, introduce the indictment or warrant in the former case, and the record showing trial and conviction thereunder. It was then incumbent on the defendant to show that the judgment had been modified, set aside, or reversed. In other words, after the commonwealth has proven a prior conviction, any modification or change in the judgment is a matter of defense. Aside from this, a defendant who admits that he paid his fine and served his time under the prior conviction is hardly in a position to complain of the fact that the commonwealth failed to file the mandate of this court affirming such conviction.

The instructions are as follows:

"1. The court instructs the jury that if you should believe from the evidence, beyond a reasonable doubt, that in this county and State, and within twelve months before the finding of the indictment herein, that the defendant, Claudius Albritten did unlawfully and wilfully, sell to one Marshall Berry, spirituous, vinous or intoxicating liquor, to-wit: whiskey, and not for scientific, sacramental, medicinal or mechanical purposes, then you will find the defendant guilty, and fix his punishment as defined in instruction No. 2.

"2. The court instructs the jury that if you believe beyond a reasonable doubt, from the evidence in this case, that the defendant, Claudius Albritten, was duly and legally charged, tried and convicted of the offense of having intoxicating liquor in his possession in the Calloway Circuit Court at its November term, 1925, and that he is the same Claudius Albritten indicted herein, and that said judgment of conviction has never been modified or

vacated, or set aside, and if you should further believe, under instruction No. 1, that the defendant has been proven guilty, as set forth in said instruction then you should fix the punishment of defendant at confinement in the State Penitentiary for a period of not less than one year, not more than three years, in your discretion, provided, however, that if the jury should not believe from the evidence that the defendant has been previously convicted, as set forth above, but should believe that he has been proven guilty of selling intoxicating liquor, as charged in the indictment, then they should fix his punishment at a fine of not less than one hundred, nor more than three hundred dollars, and confinement in the county jail for a period of not less than thirty, nor more than sixty days, in their discretion.

"3. The court says to the jury that if, upon the whole case, they entertain a reasonable doubt of the defendant having been proven guilty, they should acquit him, or find him not guilty."

Complaint is made of instruction No. 1, because no reference was made to the prior offense. Before appellant could be convicted of either a misdemeanor or felony, it was necessary for the jury to believe that he was guilty of the sale to Berry, and it was proper to submit this issue without reference to the prior conviction, and then submit the issue of prior conviction in an instruction fixing the punishment that might be imposed.

Complaint of instruction No. 2 is more serious. Under it the jury was authorized to convict appellant of a felony, if they believed from the evidence beyond a reasonable doubt that he was duly and legally charged, tried and convicted of the offense of having intoxicating liquor in his possession in the Calloway circuit court at its November term, 1925. We have ruled in a number of cases that, before one may be convicted of a felony for a second offense under the Rash Gullion Act, it must appear that the first offense was committed after the effective date of that act, which was March 22, 1922. Blevins v. Commonwealth, 215 Ky. 769, 286 S. W. 1059; Blanton v. Commonwealth, 210 Ky. 571, 276 S. W. 533. Of course, it is equally imperative that the time of the commission of the first offense be submitted to the jury. As this was not done, it follows that the instruction is erroneous.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.