## Dezarn v. Commonwealth.

(Decided Oct. 12, 1934.)

A. T. W. MANNING and F. P. STIVERS for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS; Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant, together with Dewey Gibson and Irvine Robinson, Jr., was indicted for the offense of burning the barn of Grover Dezarn. On appellant's separate trial for this offense, he was found guilty and has appealed.

He urges several grounds for reversal, but inasmuch as the position he takes to the effect that he was convicted on the testimony of an alleged accomplice without any corroborating evidence to support such testimony is sound, we need not discuss any other ground upon which he relies.

Dewey Gibson admits that he burned the barn in question. He testifies in a very unsatisfactory manner, but at least to the effect that Grover Dezarn had been uttering some threats against the appellant and Dewey Gibson; that these two decided they would make Grover Dezarn think about something else besides killing them, and agreed to accomplish that result by burning his barn at some time in the future; that they agreed that Dewey Gibson should burn the barn and then leave Clay county, where the barn was located, and go to the bluegrass for a while; that he gave the appellant a week or ten days before the barn was burned a nickle wherewith to buy some coal oil, and that there the matter rested until the day of the night when the barn burned. Gibson further testifies that on the morning of the day he burned the barn, he went from the place in the country where he lived to Manchester, the county seat of Clay county; that on his way he met up with appellant who was riding a horse; that appellant took him up behind the horse and the two rode on towards Manchester. Gibson testifies in a vague sort of way that he did not know whether appellant then knew he was going to burn the barn that night or the next night. At all events, appellant's destination was some two miles short of Manchester, and there he stopped. Gibson completed the rest of his journey to Manchester on foot. Gibson hung around Manchester all day, and that night with Robinson, whom Gibson exonerates of any participation in the barn burning or knowledge of the offense, went back into the country to where Grover Dezarn's barn was located. He left Robinson at the mouth of a hollow, putting him off with some excuse about going after some whisky, and went up the hollow and set fire to the barn. He then came back and returned to Manchester

and left next day for Versailles. Shortly thereafter he was arrested and brought back to Clay county. The only evidence other than that above outlined is comprised in the testimony of witnesses for the commonwealth to the effect that on the morning of the night when the barn was burned appellant and Gibson were seen together on horseback riding towards Manchester; that that night appellant was seen going back into the country towards where Dewey Gibson lived, but it also developed that this neighborhood was where the appellant too lived; that on the next morning appellant came over to where Dewey Gibson lived and called him out; that the occupant of the house went out and told appellant that Dewey Gibson was not there and asked appellant what he wanted with Gibson; that appellant replied that he wanted Gibson to do some work for him that day; that when the neighbors got to the barn while it was burning they smelled some coal oil, and that when Gibson was brought back to Clay county, after being arrested, appellant came into town and went to the jail to see him, but it developed that when appellant went into the jail he asked the boys why they had sent for him, and what they wanted. Appellant introduced no evidence. It is perfectly obvious that there is no evidence whatever here to corroborate Dewey Gibson's testimony that appellant was in the conspiracy to burn the barn. If we eliminate from the case the testimony of Dewey Gibson, there is nothing to connect appellant with the burning of the barn, and, this being true, the court should have peremptorily instructed the jury to find the appellant not guilty. Commonwealth v. McGarvey, 158 Ky. 570, 165 S. W. 973; Criminal Code of Practice, secs. 241 and 242. For its failure so to do, its judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.