# Fitzgerald v. Commonwealth.

(Decided Sept. 28, 1937.)

THOMAS D. THEOBALD, Jr. and BEN F. THOMPSON for appellant.

HUBERT MEREDITH, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

Armitt Fitzgerald was indicted, tried, convicted, and adjudged guilty in the Carter circuit court of the crime of unlawfully, willfully, and feloniously having carnal knowledge of Verna Barker, a female, not his wife, without her consent, she being between the ages of 16 and 18 years. His penalty was fixed at 2 years confinement in the state reformatory. He appeals from that judgment.

He complains, first, that the verdict was against the law and the evidence; second, that the court erred in permitting the Commonwealth, after the case was closed, to introduce the defendant over his objection in rebuttal or at all, for the purpose of proving the age of the defendant.

After a careful reading of the evidence in the record, we are of the opinion that the verdict of the jury was authorized.

Appellant admitted that he had carnal knowledge of the prosecuting witness, but denied that it occurred at the time stated in her testimony. It is in evidence undenied that the prosecuting witness arrived at the age of 18 years on the 21st day of August, 1934; that the carnal knowledge complained of occurred on the 13th day of July, 1934, a little over a month before her 18th birthday. Appellant stated that he had intercourse with her the first time in September of that year, so the question to be decided by the jury was reduced to one point, Did the intercourse occur before the prosecuting witness reached the age of 18 or afterwards? Verna Barker stated that it occurred as follows: She became acquainted with him in the month of May, 1934; that he claimed, at that time, his name to be George Carroll; that he became her suitor at about that time; that he visited her at her home quite often; that on the 13th day of July she was in Olive Hill on an errand for her mother. She met him on the street, and he asked her to ride home with him in his automobile. She agreed to

do so. He was riding in a one-seated, black coupe. When they reached a side road that led to her home he refused to take her to her home; kept in the main road, which was No. 60, and drove along that road until reaching the top of Garvin ridge. He then turned off and went out in a road leading to a corn field and there parked his car and held and forced her to have intercourse with him. In doing so he injured her person, and bruised her severely about her legs from the hip to the knee. He then took her to her home and there left her. She went into the house, told no one about what had occurred, but soon thereafter went to bed and there remained for about a week. The 13th day of July was on Monday. When she reached her home her brother and sisters were there and saw her and the defendant. After she had been in bed, suffering from the wounds she had received at his hands, Dicie Stegall, a neighbor, came to see her, on Friday, the 16th. She examined her person and saw the bruises upon her legs. Her mother also saw them. The fact that she was with the defendant on the 13th of July was corroborated by her mother, sisters, and brother. Appellant denied he had intercourse with her on the 13th of July; and stated he was not in the state of Kentucky. On the 13th of July, 1934, he stated he was at Gallipolis, Ohio, 115 miles from the place where the carnal knowledge was said to have occurred. He left Olive Hill, the home of the witness, on the 5th of July, reached Gallipolis on the 6th, remained there until the 26th of July, and returned to Kentucky and Carter county on the 8th or 9th of August. He further stated he did not know Verna Barker at that time at all, had intercourse with her for the first time on the 4th of September, and never was with her prior to August, 1934. He was corroborated in that statement in part by a number of witnesses residing in and around the town of Gallipolis, Ohio. Verna Barker was corroborated in her statement, that he was in fact at her home and around and about Olive Hill during the months of July and August. Her brother, Tommy Barker, stated that he was in the yard sitting in a swing on the 13th of July, when the defendant brought his sister back home on the evening of that day. Her sister, Mrs. Missouri Haywood, also stated that she saw him on that day. The witnesses gave as a reason for remembering the day, that Mrs. Stegall's baby was drowned and was buried on the 12th of July, and for that reason they knew it was

on the 13th, the day after the burial of the baby, they saw the defendant. The testimony on that question was contradictory and conflicting. It was the province of the jury to reconcile those contradictions. We think the evidence was ample to support their finding, as this court has repeatedly ruled that the jury is the sole judge of the facts. Murphy v. Com., 255 Ky. 676, 75 S. W. (2d) 341; Roaden v. Com., 248 Ky. 154, 58 S. W. (2d) 364; Mullins v. Com., 230 Ky. 624, 20 S. W. (2d) 442; Maggard v. Com., 232 Ky. 10, 22 S. W. (2d) 298; Dezarn v. Com., 255 Ky. 683, 75 S. W. (2d) 338.

The defendant raised another question, which is more serious. It appears from the record that, after the Commonwealth had closed its case and after the defendant had offered all of his evidence, the attorney for the Commonwealth asked permission to reintroduce the defendant, who had already testified on his own motion and in his own defense. The privilege of cross-examination had been given and used by the state. The attorney for the defendant objected to the reintroduction of the defendant on rebuttal or otherwise, because the case had been closed, and, further, for the reason that because the question propounded to the defendant and the answer given tended to and was necessary to be shown to convict the defendant of the crime charged.

It will be noted that the defendant was charged with having violated section 1155, Kentucky Statutes, of carnally knowing a female under 18. To convict him of a felony under that section it was necessary to show that he was over 21 years of age. The Commonwealth had failed to show by any witness, prior to closing the case, the age of the defendant. The defendant had not, when on the witness stand, stated his age, so the question arises, first, Did the court abuse a sound discretion in permitting the Commonwealth to recall the defendant; and, second, Could the defendant be compelled over his objection to state his age, when, by doing so, it would convict him of a felony?

Section 11 of the Bill of Rights of the Constitution of Kentucky, in part, is as follows:

"He can not be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgement of his peers or the law of the land."

It will be conceded that, had the defendant failed to take the witness stand in his own behalf, the Commonwealth could not have called him as a witness for the purpose of proving his age under the charge against him. However, after the defendant voluntarily took the witness stand, he then subjected himself to all the rules, privileges, and limitations controlling any other witness.

In Albritten v. Commonwealth, 226 Ky. 802, 11 S. W. (2d) 959, 960, we stated:

"The constitutional provision against self-incrimination has no application to a case where the accused voluntarily offers himself as a witness in his own behalf. In such case he waives his constitutional right so far as the offense charged in the indictment is concerned, and may be cross-examined and required to answer concerning any fact connected with that charge, even though it may tend to establish his guilt. Sawyer v. United States, 202 U. S. 150, 26 S. Ct. 575, 50 L. Ed. 972, 6 Ann. Cas. 269; Harrold v. Territory, 18 Okl. 395, 89 P. 202, 10 L. R. A. (N. S.) 604, 11 Ann. Cas. 818; Saylor v. Commonwealth, 97 Ky. 184, 30 S. W. 390, 17 Ky. Law Rep. 100."

It is a broad, general rule, that a witness cannot be compelled to give evidence, which incriminates himself. It is a further rule that he has the privilege of refusing to answer the question or refusing to testify, especially where his testimony would have that result, but, if he chooses to take the witness stand in his own behalf, he thereby waives the constitutional right to refuse to answer any question that may pertain to the issue under consideration; and, when he does so, the provision that protects him against being a witness against himself is not violated. He becomes subject to all the rules and limitations of any other witness in the case, and by offering himself as a witness he waives his constitutional privilege and the prosecution has a right to examine him in the same manner as any other witness. However, in general, he cannot be compelled to incriminate himself for an offense other than that for which he is on trial. 70 C. J., sec. 889 (2), p. 735.

On the trial of the instant case, if the attorney for the Commonwealth, on cross-examination, had asked the defendant his age, defendant could not have refused to

answer, any more than if the attorney had asked him if he had intercourse with the girl. By taking the witness stand, he subjected himself to cross-examination on any and all questions pertaining to his guilt or innocence of the charge against him. He had no greater right to refuse an answer than any other witness that might have been introduced by the defendant.

It is in the record that the attorney for the Commonwealth announced that he had overlooked and failed to ask the defendant a question while on the witness stand, and asked permission of the court to recall him. The court permitted him to do so, which, we think, in this instance, was not an abuse of discretion on the part of the court to the prejudice of appellant. We have said often that a trial court has discretion of admitting or rejecting evidence that should have been offered in rebuttal, and that the trial court may allow testimony, which has been omitted in chief, to be introduced after defendant's evidence is introduced. Howard v. Com., 227 Ky. 142, 12 S. W. (2d) 324; Logan v. Com., 236 Ky. 329, 33 S. W. (2d) 25; Newsome v. Com., 236 Ky. 344, 33 S. W. (2d) 36; Truax v. Com., 149 Ky. 699, 149 S. W. 1033.

We are of the opinion that the fact that the defendant offered himself as a witness waived his constitutional right to refuse to answer any question affecting his guilt. He became subject, as we have heretofore stated, to all the rules governing any other witness. It was not an abuse of discretion to recall him. No error was committed to the prejudice of appellant in permitting the Commonwealth to recall the defendant and prove his age by him.

Wherefore, the judgment is affirmed.