## Fugate v. Commonwealth.

Oct. 13, 1942.

Ward & Ward for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appeal is by Hobart Fugate from a conviction of carnally knowing a female under the age of consent and a sentence of five years' imprisonment (Section 435.100, Kentucky Revised Statutes).

The victim of the crime, Alice Lawson, was then 14 years old. She testified that on the afternoon of September 30, 1941, she met the defendant for the first time at Duane, at what is called Ballard Adams' "Jenny Barn," which is defined for us in appellant's brief as being a roadhouse. She went with Fugate to his home at Hardyburley, about three miles away, returned in an hour or so, when the defendant had an unidentified man to take them to Hazard where they spent the night together at the Noble Hotel. Fugate left before she did the next morning. When she came on the street about 9 o'clock, she was "picked up" by the police at the instance of her father. She had been running away from home every few weeks and is undoubtedly a delinquent child.

The defendant was then 25 years old and had a wife and five children, the oldest of whom was eight years of age. He testified his wife had gone away, without notice, that day (although she returned the next) and he had gone to Duane "mostly looking for a girl" to stay with his children and had just dropped in at the "Jenny Barn" when the Lawson girl sent Elizabeth Combs to ask if he wanted her to stay with the children. He took her to his home but she did not care to remain and he took her back to Duane where he stayed until about 8 o'clock and then went home and spent the night there. He was arrested the next morning about 6 o'clock while he was on his way to work at a mine. Two brothers-in-law testified they were at Fugate's home when he came about 8 o'clock and they stayed all night with him. He did not leave until the next morning when he started to work. In support of his motion for a continuance the defendant's affidavit was filed as to what Elizabeth Combs and Al Simmons would testify if present. The statements were read as their depositions. The Combs girl thus testified that the Lawson girl had been around Adams' place all during the day with different boys and that the defendant left there around 8 o'clock. The Lawson girl stayed until long after Fugate had gone. Simmons thus testified that about 8 o'clock he gave Fugate a ride in his automobile from Duane to within sight of his home where he got out.

The appellant insists the verdict is not sustained by the evidence. The girl's testimony stands alone, while his testimony is corroborated by four witnesses. We would be much better satisfied had the commonwealth

presented corroborative evidence, which it would appear was readily available if the child had told the truth. However, there is nothing to suggest any reason for testifying falsely against the defendant. The jury saw and heard the child and the defendant and his witnesses. The demeanor of witnesses often carries the persuasion of truth or falsity of what they speak. It has, therefore, been our consistent ruling in cases of this character that a verdict rested upon uncorroborated testimony of the victim will be sustained unless her story was so highly improbable as to disclose its untruth.

The trial was called at the term of court following that at which the indictment was returned. The defendant filed a motion for a continuance, supported by the affidavits above described. These he was permitted to read as the depositions of the witnesses, as we have stated, and the record shows the defendant then announced ready. No error was committed in overruling the motion for a continuance.

Judgment affirmed.