## McDaniel v. Commonwealth.

September 28, 1948.

Lewis & Weaver for appellant.

A. E. Funk, Attorney General, and Wm. F. Simpson, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Affirming.

Appellant, Hilliary McDaniel, was tried upon an indictment charging him with the attempt to rape a child under 12 years of age. The evidence for the Commonwealth was to the effect that the alleged crime was without the consent of the child. The trial resulted in a verdict finding appellant guilty of detaining the girl against her will with the intent to have carnal knowledge of her and his punishment was fixed at confinement in the penitentiary for two years.

It is argued by appellant that the judgment entered on the verdict should be reversed because: 1. It is flagrantly against the evidence; 2. there was no evidence upon which to base the detaining instruction; 3. although the jurors were ordered to be kept together during the trial, the officer in charge allowed them to separate. It

is apparent that a consideration of the first two grounds requires a brief resume of the evidence.

The proof for the Commonwealth shows that the parents of the prosecutrix, a nine year old girl, had been buying milk for some time from appellant, who was a neighbor residing about 300 yards from their home. Around noon on July 15, 1947, the child went to appellant's home for milk when he was alone in the house. She testified that he took her in a room adjoining the kitchen, sat down in a chair and got her between his legs, unbuttoned his pants "and got out his old thing and tried to stick it in me." It was further testified by the child that her mother called her, whereupon appellant let her go and she left his house crying, saying to him that she would tell her father, which she immediately did.

The child's father promptly took her to a doctor for an examination that day and had a warrant issued for appellant. The physician's testimony is that his examination revealed no marks or bruises on the child. But her father testified that the next day there were bruises on his daughter, and her mother testified that on the afternoon of the alleged attack she saw bruises on the child's leg. The little girl herself testified that she was so sore the day following the alleged attack that it hurt her to wear her "panties." She testified that she was in appellant's house something like half an hour.

Appellant denied any improper conduct with the child. His version of the affair is that the little girl came to his kitchen door to get her milk and he informed her his wife was not at home and he knew nothing about the milk. According to him, the child entered only the kitchen and immediately left when informed that his wife was not at home to get the milk for her. He testified that he and the girl's father previously had some trouble over a piece of land, but the latter denied this.

Appellant is supported by his sister-in-law, Ruby Southard, who testified that she was picking up coal about seven steps from the kitchen door and could see in the kitchen; that the little girl entered the house no further than the kitchen and was there just a minute or so. Nannie Patterson testified that she saw the child

leave appellant's home and meet her mother. She was not crying, but was skipping along gathering flowers.

Several witnesses testified to appellant's good reputation for morals and that he was a lay preacher. Some of these persons testified that the parents of the prosecutrix did not bear a good reputation, while others of them gave all of these parties a good reputation.

The question of the credibility of the witnesses and the weight to be given their testimony in criminal cases is one for the jury, which may accept the evidence of one witness or one set of witnesses against that of another. The authorities supporting this proposition are legion and we will content ourselves in citing only one, Carter v. Com., 278 Ky. 14, 128 S. W. 2d 214. It is the rule in this character of case that the verdict based upon the uncorroborated testimony of the prosecutrix will be sustained, unless her testimony is so highly improbable as to show it to be false. Fugate v. Com., 291 Ky. 793, 165 S. W. 2d 573; Hogue v. Com., 305 Ky. 297, 203 S. W. 2d 42. Although the evidence was highly conflicting in the instant case, yet there were reasonable grounds for finding accused guilty, hence it cannot be said that the verdict is flagrantly against the evidence. Shepherd v. Com., 236 Ky. 290, 33 S. W. 2d 4, and the Carter case.

There is no merit in appellant's contention that the evidence shows him to be guilty of attempted rape or nothing and that the court erred in giving the detaining instruction under which he was convicted. Every attempt to have carnal knowledge of a woman by force or against her will amounts to detaining her as denounced in KRS 435.110, and the evidence in the instant case made an instruction on detaining proper. Merriss v. Com., 287 Ky. 58, 151 S. W. 2d 1030; Hogue v. Com., 305 Ky. 297, 203 S. W. 2d 42. These cases in nowise conflict with the authorities relied upon by appellant that the detaining instruction should not have been given. The facts distinguish them.

Nor is there merit in the argument of appellant that the judgment should be reversed because the jurors separated during a recess in the trial in contravention of the order of the court. The record shows that eleven of the jurors remained together in the courthouse yard while the bailiff took the remaining juror across the

street to a bank to cash a check. The bailiff and this twelfth juror were never out of sight of the other eleven members of the jury and the record shows that no outsider approached or communicated with the eleven jurors, or had an opportunity to do so, or that any member of the jury was guilty of misconduct. We think there was a substantial compliance with the orders of the court that the jurors be kept together. Lawson v. Com., 278 Ky. 1, 127 S. W. 2d 876.

Perceiving no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.