## Bailey v. Commonwealth.

May 5, 1950.

Chester D. Adams, Judge.

James E. Banahan and Stanley W. Saunier, Jr. for appellant.

A. E. Funk, Attorney General, and William F. Simpson, Assistant Attorney General, for appellee.

JUDGE REES—Affirming.

Edward Bailey was indicted for carnally knowing with her consent a female child under sixteen years of age and over twelve years of age, a crime denounced by KRS 435.100. The jury found the defendant guilty, and fixed his punishment at confinement in the penitentiary for a term of fifteen years. On this appeal the appellant argues these grounds for reversal of the judgment: (1) An essential element of the crime was not proved; (2) the verdict is flagrantly against the evidence, and the trial court should have directed a verdict of acquittal; (3) recall of the accused for further cross-examination was error; and (4) the closing argument of the Commonwealth's Attorney was improper.

The alleged offense was committed in Lexington on the night of December 24, 1948, and the trial was held on January 25, 1949. The prosecuting witness, Joan Crawford Bailey, is appellant's daughter, and was twelve and one-half years of age at the time of the alleged offense. Appellant and Rhoda Jackson had been living together in the Jackson home for about two years, though they were not married. Appellant's daughter and Rhoda Jackson's two children also lived in the Jackson home. Appellant and Rhoda had an altercation, and appellant rented a room in another section of the city. He and his daughter left the Jackson home with their belongings late in the afternoon of December 24, and went to the newly rented room where they spent the

night. Joan Bailey testified that between 9:30 and 10 p. m. appellant had intercourse with her. She stated that he had had intercourse with her on several occasions during the preceding two months. On the following day, December 25, 1948, she told her aunt, Hattie Maupin, what had occurred, and appellant was arrested on December 26 on a warrant procured by the aunt. Joan Bailey and Hattie Maupin were the only witnesses introduced by the Commonwealth. Appellant denied the commission of the crime, and introduced three witnesses, including his sister, Lucille Bailey, in support of his claim that he was not at home between 9:30 and 10 p. m. on December 24. Lucille Bailey testified that he was at her home from 7:30 until 8:30 p. m. Lane Madden and Bob Madden testified that they saw appellant at the Spider Web on Georgetown Street, and that he remained there from 8:30 or 9 p. m. until nearly midnight.

It is first argued that there was no proof that the prosecuting witness knew or had any conception of the meaning of the word intercourse, and that there is, consequently, no proof of penetration, an essential element of the crime. Nider v. Commonwealth, 140 Ky. 684, 131 S. W. 1024, Ann. Cas. 1913E, 1246; Hale v. Commonwealth, 196 Ky. 44, 244 S. W. 78. It is always advisable in cases of this kind to have a physical examination of the victim by a physician. No examination was made in this case. However, we have read the record carefully, and conclude that the prosecuting witness demonstrated by her testimony that she understood and had a clear conception of the meaning of the word intercourse. She was subjected to a severe cross-examination and never wavered in her story. She answered questions promptly, frankly and intelligently, and displayed greater intelligence than that of the average child twelve years of age. We agree with the following statement in appellee's brief made following a lengthy quotation from the testimony of the prosecuting witness:

"It is preposterous to assume that one could relate such revealing incidents with such clarity and choice of words and yet have no conception of an act of intercourse or know the meaning of the word. We admire the nicety of language used in describing such a sordid crime, it being less repulsive than any we have read in like cases. The Law does not require a crime of this

nature to be described in vile, repulsive or unprintable terms."

There is no merit in appellant's contention that the verdict is not sustained by the evidence. The testimony of appellant's witnesses as to facts tending to establish an alibi was in conflict with the testimony of the prosecuting witness, but it was for the jury to say whose testimony should be accepted. Carter v. Commonwealth, 278 Ky. 14, 128 S. W. 2d 214. We have held consistently in this character of case that the verdict based upon the uncorroborated testimony of the prosecutrix will be sustained unless her testimony is so highly improbable as to show it to be false. McDaniel v. Commonwealth, 308 Ky. 132, 213 S. W. 2d 1007; Fugate v. Commonwealth, 291 Ky. 793, 165 S. W. 2d 573.

After the defense had closed, the Commonwealth recalled appellant for further cross-examination. Up to this point the Commonwealth had failed to prove appellant's age, a fact necessary to be shown since the offense of which appellant was accused was only a misdemeanor if he was under twenty-one years of age. Commonwealth v. Hines, 282 Ky. 791, 140 S. W. 2d 386. In answer to the one question asked when he was recalled, the appellant said he was twenty-seven years of age. Precisely the same question was presented in Fitzgerald v. Commonwealth, 269 Ky. 800, 108 S. W. 2d 1041, and we held that it was not an abuse of discretion on the part of the trial court to permit the defendant to be recalled after he had offered all of his evidence and be examined concerning his age although this was evidence in chief. It is argued that it was incumbent upon the Commonwealth's Attorney to state his reason for recalling the defendant before his motion to recall could be sustained. No authority is cited in support of this argument, and we find none. The defendant had the right to object to any question that was incompetent or irrelevant, and his rights were not prejudiced by the failure of the Commonwealth's Attorney to state in advance what questions he proposed to ask.

The Commonwealth's Attorney stated in his closing argument that the defendant should be convicted if the jury found that the alleged crime took place at any time during the night of December 24-25, 1948. It is customary to designate a night in this manner when refer-

ring to the date, and although the statement, when construed literally, was somewhat broader than the facts justified, we are convinced it could have had no undue influence on the jury.

The judgment is affirmed.