## ADAMS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 30, 1953.

Edward A. Marye, Jr., Versailles, for appellant.

J. D. Buckman, Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

STEWART, Justice.

On May 14, 1952, the grand jury of Woodford County returned an indictment against Joe Adams, charging him with the offense of rape committed on the person of his daughter, Pauline Adams, age 13. See KRS 435.100. The indictment also alleged that on two previous occasions, namely, on October 25, 1938, and on May 21, 1942, Adams was convicted of felonies in the Woodford Circuit Court, so that he came within the application of KRS 431.190, the "Habitual Criminal Act."

The jury found the accused guilty of rape and fixed his punishment at confinement in the penitentiary for life without the privilege of parole. This appeal from the judgment entered urges three grounds for reversal: First, that the evidence does not sustain the verdict; second, that when testimony was introduced by the Commonwealth to establish the two previous felony convictions it was prejudicial error not to admonish the jury that such evidence should not be considered in connection with the charge of rape; and third, that "Instruction No. 1" was reversibly erroneous because it failed to specify the date the offense therein set forth was alleged to have been committed.

The evidence for the Commonwealth proving the perpetration of the crime consisted mainly of the testimony of the child. She stated positively that appellant forced her to have sexual intercourse with him some five times, the first act having occurred shortly after Christmas of 1951 and the last, on which the indictment is based, having taken place on April 10, 1952. Doctor Olson Parrott, the physician who examined the prosecutrix at the instance of the Woodford county attorney and who appeared as a witness for the Commonwealth, made this statement as to the child's physical condition: "I found nothing unusual except she gave the appearance of a person who had been married and was having ordinary sexual relations." The evidence of

appellant consisted of nothing more than a denial that he had ever abused his daughter.

 It is first argued that the case stands or falls on the testimony of appellant's daughter and that her evidence should therefore be deemed insufficient to sustain the verdict since it was not corroborated. This assertion overlooks the fact that it is the rule in this character of case that a conviction based upon the uncorroborated evidence of the prosecutrix will be upheld unless her testimony is so highly improbable as to indicate it is false. Bailey v. Commonwealth, 312 Ky. 764, 229 S. W.2d 767; McDaniel v. Commonwealth, 308 Ky. 132, 213 S.W.2d 1007; Hogue v. Commonwealth, 305 Ky. 298, 203 S.W.2d 42. The young girl never wavered in her statements on direct and cross-examination, and her answer to each question propounded to her was frank and intelligent. More than that, we believe the child's testimony is strongly supported by that of Doctor Parrott who detailed how, as shown by her body, she had been the victim of debasement. There is no doubt in our minds that this was a jury case and that the evidence sufficiently sustains the verdict.

We have been unable to find any law in this jurisdiction, where one is indicted on a recent offense, that the court is required in a prosecution under KRS 431.190 to admonish the jury on the effect of evidence introduced as to a prior felony conviction. As we noted above, the three-fold indictment not only charged the offense of rape but it also alleged two previous felony convictions. Judgments based on the two former convictions were properly proven by the evidence of the circuit clerk of Woodford County, who testified the judgments had never been modified or vacated and who then duly and regularly filed them as a part of the record in the case at bar. Thereafter, a deputy sheriff identified appellant as the person against whom these prior judgments had been rendered. It is thus apparent the evidence of the two former convictions, introduced in a competent manner, was confined to the essential facts, and we are at a loss to understand wherein any error was committed by the court in its failure to admonish in this respect, especially since the proof adduced was of a substantive nature and without it the jury could not have returned a verdict under the Habitual Criminal Act, had it chosen so to do. Rector v. Commonwealth, 80 Ky. 468, 4 Ky.Law Rep. 323. Aside from all this, there was no request for an admonition; hence, any mistake that was committed in this connection was waived.

Lastly, we consider the contention with reference to the omission from the first instruction of the date the offense was alleged to have been committed. The indictment, the proof and the carnal knowledge instruction immediately following the first instruction definitely fixed the time of the act. The failure to insert the date was nothing more than an oversight and we conclude no jury could have possibly been misled under the circumstances.

Wherefore, the judgment is affirmed.